UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHIZEDEK ISHMA'EL,<br><br>Plaintiff,<br><br>v.<br><br>ANTONY J. BLINKEN, et al.,<br><br>Defendants. | Case No. 24-cv-09432-TLT<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Melchizedek Ishma'el, a California state prisoner, filed this civil rights action pursuant to 42 U.S.C. section 1983. Dkt. No. 3. Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C. section 1915A. The complaint will be dismissed for failure to state a claim.

Plaintiff's application to proceed *In Forma Pauperis* (IFP) has been granted by separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not
2  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
3  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
4  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
5  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
6  do. . .. Factual allegations must be enough to raise a right to relief above the speculative level."
7  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
8  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part
9  of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an
10 arguable basis in either law or in fact.

11 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
12 that a right secured by the Constitution or laws of the United States was violated, and (2) that the
13 alleged violation was committed by a person acting under the color of state law.  *See West v.*
14 *Atkins*, 487 U.S. 42, 48 (1988).

15 If a court dismisses a complaint for failure to state a claim, it should "freely give
16 leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has discretion to
17 deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,
18 repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the
19 opposing party by virtue of allowance of the amendment, [and] futility of amendment."
20 *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

21 **B.     Analysis**

22 Plaintiff names as defendants Anthony Blinken, former United States Secretary of State;
23 Merrick Garland, former United States Attorney General; and Shirley Weber, California Secretary
24 of State. He alleges as follows: he was deprived of liberty without due process of law in violation
25 of the Fifth Amendment. On March 30, 2022, plaintiff was naturalized as a citizen of the Moorish
26 National Republic Federal Government North East Amexem Territories and Dominions. He sent
27 his naturalization documents to Blinken and Garland as well as to the Moroccan Ambassador in
28 New York and other state and federal officials. He did not receive a response. Plaintiff alleges the

2

federal government agencies are negligent and obstructing justice and depriving him of liberty without due process because he is a descendent of the Moroccan Empire and a citizen of the Moorish nation yet still in the United States's active tangible territorial jurisdiction authority. He alleges defendants purposely caused a delay in his naturalization to a foreign government. Plaintiff seeks damages and that his naturalization documents be processed.

Plaintiff has failed to state a federal or constitutional claim pursuant to section 1983 or any other cause of action. Two of the defendants are federal actors and not acting under color of state law. Plaintiff has not identified any conduct taken or not taken by any defendant that violated any right. There is no federal statutory or constitutional right to have one's membership in the Moorish National Republic Federal Government North East Amexem Territories and Dominions be recognized by any federal or state entity.

Plaintiff's complaint fails to state a claim. After careful consideration of whether plaintiff could amend the complaint to state a claim upon which relief could be granted, the Court finds that plaintiff cannot. Leave to amend will not be provided because amendment would be futile.

## CONCLUSION

For the foregoing reasons, the case is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2025

TRINA L. THOMPSON
United States District Judge

3